ROSACRANS v KINGON

Docket No. 87766. Submitted July 28, 1986, at Detroit. Decided
    September 8, 1986. Leave to appeal denied, 428 Mich 862.

   Judy A. Rosacrans, as next friend of her son Gregory Keebler, a
   minor, filed an action in the Lenawee Circuit Court against
   defendants, James Kingon, a Tecumseh Junior High School
   teacher, Wayne Kaiser, an elementary school principal, Donald
   Berkley, the Tecumseh Junior High School Principal, Robert
   Duhan, the Tecumseh Public School System Superintendent,
   Tecumseh Board of Education, and Tecumseh School District.
   Plaintiff alleged that James Kingon assaulted and sexually
   molested Gregory Keebler in a shopping center parking lot on
   one occasion and on a later occasion assaulted and sexually
   molested Keebler at Kingon's home. Plaintiff's complaint al-
   leged in separate counts: (1) that Kingon's conduct constituted
   assault and battery and occurred as a result of the failure of
   defendants to properly supervise, monitor, and observe Kin-
   gon's conduct and that the assaults and batteries were commit-
   ted in the scope of Kingon's employment; (2) violations of the
   Child Protection Law and that defendants school officials had
   reason to suspect that Kingon had sexually molested Keebler
   and other students, but failed to report Kingon's conduct to the
   Department of Social Services; (3) that the defendant school
   officials were negligent in their screening, hiring, and supervi-
   sion of Kingon; and (4) that Kingon's conduct constituted
   intentional infliction of emotional distress and that defendant
   school officials were liable as Kingon's employers. Kingon was
   subsequently convicted of attempted second-degree criminal
   sexual conduct and sentenced to prison. The other defendants
   then moved for summary disposition. In response to defendants'

REFERENCES

Am Jur 2d, Infants §§ 14 *et seq.*

Am Jur 2d, Parent and Child §§ 106 *et seq.*

Am Jur 2d, Schools §§ 37-55, 176.

Personal liability of public school executive or administrative officer
    in negligence action for personal injury or death of student. 35
    ALR4th 272.

See also the annotations in the Index to Annotations under Teach-
    ers and Instructors.

motion, plaintiff conceded that her claims against the Tecumseh Board of Education and Tecumseh School District were precluded by the decision in *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567 (1984). The trial court, John C. Timms, J., granted defendants' motion, ruling that the individual defendants were engaged in discretionary-decisional activities and thus were immune from liability. The trial court dismissed the claim based on violations of the Child Protection Law, ruling that defendants had no reason to suspect that Kingon was engaged in sexually molesting Keebler or other students. Plaintiff appealed, claiming error in the trial court's dismissal of the negligence claim and the claim based on the Child Protection Law against the defendant school officials.

The Court of Appeals *held:*

1. The hiring and supervision of Kingon by defendant school officials constituted discretionary-decisional activities, which under *Ross, supra,* are protected by governmental immunity. The trial court therefore did not err in ruling that plaintiff's negligent hiring and supervision claim against the school officials was barred by governmental immunity.

2. Plaintiff did not offer any affidavits or other documents showing that defendant school officials had reasonable cause to suspect Keebler had been abused by Kingon, while the school officials submitted affidavits disclaiming any knowledge of such abuse before plaintiff and Keebler reported the incidents to the police. Therefore, because no genuine issue as to any material fact was raised regarding whether the school officials had violated the Child Protection Law, the trial court properly granted summary disposition as to that claim.

Affirmed.

1. Schools — Governmental Immunity — School Officials.

Superintendents and principals are vested with broad powers and authority regarding the employment of teachers under the School Code; the hiring and supervision of teachers by superintendents and principals constitute discretionary-decisional activities for which they are immune from tort liability.

2. Infants — Child Protection Law — Child Abuse or Neglect.

The Child Protection Law requires persons who have reasonable cause to suspect child abuse or neglect to immediately make an oral report of such suspected abuse or neglect to the Department of Social Services; failure to do so can result in civil liability (MCL 722.633; MSA 25.248[13]).

*Chambers, Steiner, Mazur, Ornstein & Amlin, P.C.* (by *Angela J. Nicita*), for plaintiff.

*Miller, Canfield, Paddock & Stone* (by *Richard J. Seryak* and *Beverly Hall Burns*), for defendants.

Before: SULLIVAN, P.J., and ALLEN and J. T. KALLMAN,* JJ.

ALLEN, J. In this personal injury action arising out of alleged sexual assaults upon a minor by his school teacher on off-school premises, plaintiff, as next friend of Gregory Keebler, a minor, appeals from an order filed on September 19, 1985, granting summary disposition to defendants Wayne Kaiser, Donald Berkley and Robert Duhan pursuant to MCR 2.116(C)(7), (8) and (10).

Judy Rosacrans, mother of Gregory Keebler, a student in the seventh grade at Tecumseh Junior High, filed this action on January 23, 1985, alleging that James Kingon, a teacher at Tecumseh Junior High, assaulted and sexually molested Gregory in a shopping center parking lot in Adrian in October, 1983, and from November 5 through November 13, 1983, further assaulted and sexually molested Gregory at Kingon's home in Tecumseh after going motorcycle-riding with Gregory and other school children. The action was filed against James Kingon, the Tecumseh Board of Education, the Tecumseh School District, and the three named school administrators. Defendant Wayne Kaiser was the principal of the elementary school where Kingon was employed; defendant Donald Berkley was the principal of the junior high school, and defendant Robert Duhan was the superintendent for the Tecumseh School District.

Plaintiff's complaint contained four counts. Count I alleged that Kingon's conduct constituted assault and battery and occurred as a result of the failure of defendants to properly supervise, moni-

* Circuit judge, sitting on the Court of Appeals by assignment.

tor, and observe Kingon's conduct. Plaintiff further alleged that the assaults and batteries were committed in the scope of Kingon's employment as a school teacher. Count II alleged violations of the Child Protection Law, MCL 722.621 *et seq.*, MSA 25.248(1) *et seq.*, and that the three named school officials had reason to suspect that Kingon had sexually molested Gregory Keebler and other Tecumseh school children. The school officials' alleged failure to report Kingon's conduct to the Department of Social Services exposed them to civil liability. Count III alleged that the individual defendants were negligent in their screening, hiring, and supervision of Kingon. Count IV alleged that Kingon's conduct constituted intentional infliction of emotional distress and that defendant school officials were liable as Kingon's employers.

Defendants, with the exception of Kingon who has pled guilty to attempted second-degree criminal sexual conduct and is now incarcerated, filed a motion for summary disposition pursuant to MCR 2.116(C)(7), (8) and (10) on May 8, 1985. In plaintiff's response, she conceded that her claims against defendants Tecumseh Board of Education and Tecumseh School District were precluded by our Supreme Court's decision in *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984). Therefore, the plaintiff only responded to the motion as it applied to the three named defendant school administrators. The trial judge heard oral arguments on defendants' motion on June 24, 1985, and filed his written opinion on September 6, 1985, granting defendants' motion on all counts.

The court based its determination upon a finding that the individual defendants were engaged in discretionary-decisional activities and, thus, under *Ross, supra,* were immune from liability. The

claim for violation of the Child Protection Law was dismissed on grounds that, based upon defendants' affidavits, defendants had no reason to suspect that Kingon was engaged in sexually molesting Gregory Keebler and, based upon the information produced by plaintiff in response to defendants' motion, defendants had no reason to know that Kingon had abused other children.

On appeal, plaintiff does not take issue with the trial court's dismissal of all claims against the Tecumseh Board of Education and School District. Plaintiff's sole claim on appeal is that the trial court erred in dismissing the negligence claim (Count III) and the claim for violation of the Child Protection Law (Count II) against the three named individual defendants.

### CLAIM OF NEGLIGENT SUPERVISION

### (COUNT III)

Relying primarily on *Regulski v Murphy,* 420 Mich 567; 363 NW2d 641 (1984), one of nine cases decided with *Ross,* plaintiff argues that the trial court erred in assessing the allegations against defendant school administrators (Kaiser, Berkley and Duhan) as discretionary-decisional activities. According to plaintiff, supervision of teachers and the enforcement of rules and regulations concerning student-teacher relationships are ministerial-operational activities which under *Ross* are not protected by governmental immunity. Plaintiff misreads *Regulski.*

*Regulski* involved an eye injury incurred in a class where the student was not wearing protective glasses as required by MCL 380.1288; MSA 15.41288. The Supreme Court held that the director of the vocational arts and the instructor of the class could be held liable for violating the statute

because the actual provision of the protective glasses was a "ministerial-operational" act. 420 Mich 651. The Legislature had decided that protective glasses were necessary in such classes. Implementing the Legislature's decision by providing the glasses was "ministerial-operational." Therefore, the defendants could be held liable. In the instant case, no statute or school policy exists that governs the screening, hiring, and supervision of school employees to protect students from sustaining personal injuries at the employees' hands.

Further, unlike in *Regulski,* all of the wrongful acts committed in the instant case occurred off school premises. This is not a situation involving supervision in a classroom. Instead, it involves supervision in the teacher's home in the summertime.

Directly on point and holding contrary to plaintiff's position is *Willoughby v Lehrbass,* 150 Mich App 319; 388 NW2d 688 (1986). There, the plaintiff filed a complaint against the school district, the school superintendent and the school principal charging a teacher with the use of excessive force in disciplining a student and the superintendent and principal with negligent hiring and supervision of the teacher involved. Prior to trial the district and individual defendants moved for partial summary judgment on the count involving negligent hiring and supervision. The trial court granted the motion on governmental immunity grounds and plaintiff appealed arguing, inter alia, that pursuant to *Ross* governmental immunity was not a defense to a claim of negligent hiring and supervision by the school superintendent and school principal. This Court flatly rejected that argument, saying:

In addition, plaintiffs' second amended com-

plaint merely alleges that defendants wilfully, recklessly, negligently and/or grossly negligently *failed to supervise,* train and discipline defendant Lehrbass. However, in order to establish bad faith under *Ross,* it would seem that based upon the policy of the qualified immunity doctrine a plaintiff would have to establish that the governmental actor engaged in malicious or intentionally unlawful behavior. *Ross, supra,* pp 632-633. Plaintiffs' mere conclusory allegations that these two defendants wilfully or recklessly negligently *failed to supervise* Lehrbass simply are not sufficient to establish bad faith on the part of these defendants. Therefore, the second prong of the *Ross* analysis was satisfied.

Finally, because the superintendent and principal of a school are vested with broad powers and authority regarding the employment of teachers under the School Code of 1976, *e.g.,* §§ 247, 248, 346, *we hold that the principal and superintendent were engaged in discretionary acts in hiring and retaining defendant Lehrbass because they had the power of personal deliberation, decision and judgment. Ross,* p 634. Therefore, summary judgment with regard to these two defendants was also appropriately entered pursuant to the doctrine of governmental immunity. [150 Mich App 347-348. Emphasis supplied.]

Accordingly, we hold that the trial court's grant of summary disposition as to plaintiff's count for negligent supervision should be affirmed.[1]

## CLAIM OF VIOLATION OF MICHIGAN CHILD PROTECTION LAW

### (COUNT II)

In Count II, plaintiff alleges violation of Michi-

---

[1] But see 1986 PA 175, effective July 1, 1986, which substantially changes the law regarding governmental immunity for employees and officers of a governmental agency.

gan's Child Protection Law, MCL 722.621 *et seq.;*
MSA 25.248(1) *et seq.,* which requires persons who
have reasonable cause to suspect child abuse or
neglect to immediately make an oral report of
such suspected abuse or neglect to the Michigan
Department of Social Services. Failure to do so can
result in civil liability. MCL 722.633; MSA
25.248(13). Defendants brought this part of their
motion under MCR 2.116(C)(8) and (10), and the
court granted the motion under subsection (10).
Therefore, under MCR 2.116(G)(5), the court was
required to consider the pleadings, affidavits, and
other documentary evidence submitted by the par-
ties.

Defendants supported their motion for summary
disposition with their own affidavits and excerpts
of Gregory Keebler's testimony at Kingon's prelim-
inary examination. Keebler testified that he had
not told anyone of Kingon's conduct until mid-
November, 1983. When he told his mother, she
called the police and a few days later Kingon was
arrested. Defendant Superintendent Duhan stated
in his affidavit that he did not suspect nor did he
have reason to suspect that Keebler had been
abused prior to Kingon's arrest. Defendant Princi-
pal Berkley stated the same in his affidavit. Defen-
dant Principal Kaiser stated that he did not know
Keebler because Keebler was never a student in
his school. All defendants stated that they had
dealt with the Lenawee County Department of
Social Services on other matters of suspected child
abuse.

Plaintiff did not offer any affidavits or other
documents showing that defendants had reason-
able cause to suspect Keebler had been abused.
Therefore, because no genuine issue as to any
material fact was raised regarding whether defen-
dants had violated the Child Protection Law, the

trial judge properly granted defendants' motion for summary disposition. Allowing plaintiff to amend her complaint under MCR 2.116(I)(5) would not have been justified based on the evidence presented to the trial court. Accordingly, the trial court's dismissal of plaintiff's claim that defendants had violated the Michigan Child Protection Law is affirmed.

Affirmed. No costs.